UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Serge E. Bayard

     v.                                    Civil No. 11-cv-301-SM
                                           Opinion No. 2012 DNH 036
United States of America

**O R D E R**

Petitioner was convicted by a jury of using an unauthorized access device with the intent to defraud (18 U.S.C. § 1029(a)(2)) and aggravated identity theft (18 U.S.C. § 1028A). He was sentenced to three years in prison. His conviction and sentence were affirmed on direct appeal, and he now seeks relief pursuant to the provisions of 28 U.S.C. § 2255.

As a preliminary matter, the court notes that petitioner has moved to amend his petition. The government does not object and has fully addressed each of the four claims advanced in that amended petition. Accordingly, the motion to amend (document no. 4) is granted.

Petitioner assigns the following errors in support of his amended petition. First, he says the court erred in denying his motion for judgment of acquittal and, relatedly, that his appellate counsel provided ineffective representation to the

extent he failed to raise and brief that issue in his direct appeal.  Next, he says his trial defense counsel provided ineffective assistance by failing to object to impeachment evidence on Fed. R. Evid. 608(b) grounds and, relatedly, that his appellate counsel likewise provided ineffective assistance when he also failed to challenge that evidence on similar grounds.

## Background

For several years petitioner resided with Dorothy Shovan, an elderly and increasingly ailing woman whom he befriended.  He became, functionally if not formally, the woman's care-giver and companion, assuming responsibilities such as buying food and paying her bills.  To allow Bayard to purchase household items and to pay her bills, Ms. Shovan authorized him to use her credit cards.  In 2008, Shovan's health deteriorated substantially; she suffered from severe dementia and was hospitalized.  On July 25, 2008, she died.

In August of 2008, Bank of America reissued one of Shovan's credit cards.  Petitioner opened the letter containing the reissued card (which was addressed to the now deceased Shovan). He took possession of the card, activated it, and used it for his own benefit.  He made several retail purchases and, "[i]n e-mail correspondence, [he] told a resort representative [in New

2

Zealand] that he wanted to pre-pay [for a vacation] using a credit card that belonged to his 'cousin,' who [petitioner] identified in a subsequent e-mail as Shovan." United States v. Bayard, 642 F.3d 59, 61 (1st Cir. 2011).  Petitioner charged approximately $3,185.00 to Shovan's Bank of America account.

At trial, petitioner claimed, in general, that his use of the credit card was not "unauthorized," as he had Shovan's specific authorization to use her credit cards.  Anticipating that defense, the prosecutor sought leave to introduce evidence showing that petitioner had applied for and obtained a different credit card, from J.P. Morgan Chase, in Shovan's name, at a time when she was unarguably incapacitated, and that he also used that card after she died.  The prosecutor argued that the Chase card evidence was probative on the issues of petitioner's intent and absence of mistake relative to his use of the Bank of America credit card.

The court ruled that the probative value of that evidence, presented in the government's case-in-chief, was substantially outweighed by the risk of prejudice, but did not rule out admission of that evidence for a different purpose.  After petitioner unequivocally testified under oath that he was

3

authorized to use all of Shovan's credit cards, the prosecutor
sought to impeach him with the Chase card evidence.

Petitioner's counsel (petitioner represented himself until
after trial began, and then asked stand-by counsel to assume the
defense) objected on grounds that the Chase card activity
amounted to propensity evidence (Fed. R. Evid. 404(b)), and its
probative value was substantially outweighed by the risk of
unfair prejudice (Fed. R. 403).  The prosecutor countered that
the Chase card evidence was now admissible under Fed. R. Evid.
608(b) to impeach petitioner's credibility with respect to his
general claim of authorization.  The court, after balancing
probative value and prejudicial effect (Fed. R. Evid. 403),
allowed the prosecutor to ask petitioner about the Chase card
activity, but also offered petitioner a contemporaneous limiting
instruction to the jury.  Petitioner declined the limiting
instruction — an entirely reasonable tactical decision.

During the trial, petitioner moved for judgment as a matter
of law, in part on grounds that the evidence was insufficient to
permit a beyond-a-reasonable-doubt finding that he "used" the
Bank of America card to the extent necessary to support a

conviction.[1]   Petitioner asserted that, because he did not
"swipe" the card to pre-pay the New Zealand resort, he did not
"use" it within the meaning of the statute.   That motion was
denied, and appellate counsel did not pursue it on direct appeal
(nor did petitioner pursue it in his separately-filed pro se
appellate brief).   The court of appeals did not address that
specific argument because petitioner did not appeal the denial of
his motion for judgment of acquittal.   Bayard, 642 F.3d at 65,
n.6.


## Discussion

The petition rests principally upon claims of ineffective
assistance of appellate counsel.   To establish ineffective
appellate assistance, petitioner "must first show that his
counsel was objectively unreasonable."   Smith v. Robbins, 528
U.S. 259, 285 (2000).   That standard is difficult to meet
because, to be effective, "appellate counsel . . . need not (and
should not) raise every nonfrivolous claim, but rather may select
from among them in order to maximize the likelihood of success on
appeal."   Id. at 288.   And, even if a petitioner makes that
showing, he must still "show a reasonable probability that, but

---

[1]   Petitioner's local retail purchases using the card fell
below the statutory threshold of $1,000 or more during any one-
year period, 18 U.S.C. § 1029(a)(2).   The cost of the New Zealand
vacation charged to the account, however, brought the total above
the jurisdictional amount.

for his counsel's unreasonable failure to [raise a particular
issue], he would have prevailed on his appeal."  Id. at 285.


        Applying this variant of the ineffective assistance test
(see Strickland v. Washington, 466 U.S. 668 (1984)), courts
"presume that the result of the proceedings on appeal is
reliable, and . . . require [petitioner] to prove the presumption
incorrect in his particular case."  Robbins, 528 U.S. at 287.
"Generally, only when ignored issues are clearly stronger than
those presented, will the presumption of effective assistance of
counsel be overcome."  Gray v. Greer, 800 F.2d 644, 646 (7th Cir.
1985).  Although it is "still possible to bring a Strickland
claim based on counsel's failure to raise a particular claim,"
the Supreme Court has made it clear that satisfying the first
part of Strickland requires petitioner to show that the ignored
issues were "clearly stronger than issues that counsel did
present."  Robbins, 528 U.S. at 288.


        As noted, petitioner's motion for judgment of acquittal was
premised in part on the argument that, because he did not
physically "swipe" the credit card when he used it to pre-pay his
New Zealand vacation bill, his "use" of the card did not come
within the prohibitions described in 18 U.S.C. §§ 1029(a)(2) and

1028A(a)(1).[2]  That appellate counsel did not pursue that
argument, choosing instead to challenge the jury instructions and
evidentiary rulings of some consequence, was not objectively
unreasonable.

Petitioner's trial claim that "use" of a credit card within
the controlling statutes' meaning is limited to "swiping" was a
non-starter.  Indeed, credit cards are commonly "used" without
"swiping" the magnetic strip through a card reader — cards are
surrendered for imprinting; account numbers and security codes
are read from cards to merchants over the phone; and those same
numbers are referenced when sending billing information over the
internet.  In this case, petitioner told the New Zealand
proprietor that he was going to use a credit card that belonged
to his cousin to pay his bill, and subsequently he told the
booking representative in New Zealand that he would be using a
card in his "cousin's" name [i.e., Shovan's].  It was perfectly
clear from the evidence that an amount well over the statutory
threshold was then billed by the New Zealand resort to the

---

[2]  Section 1029(a)(2) punishes "[w]hoever . . . knowingly
and with the intent to defraud . . . uses one or more
unauthorized access devices" while Section 1028A(a)(1) punishes
"[w]hoever, during and in relation to [a violation of section
1029(a)(2), among others], knowingly . . . uses, without lawful
authority, a means of identification of another person . . . ."
(emphasis supplied).

account associated with the intercepted Bank of America credit
card.

Petitioner intercepted Shovan's mail; took possession of her
credit card without authority; activated the card without
authority; told the New Zealand resort he was using Shovan's
card; and charged his New Zealand vacation costs to Shovan's
account.  <u>See</u> Trial Transcript Day Three, A.M. Session, pp. 67-
69.  On that evidence, the jury could certainly find, beyond a
reasonable doubt, that he "used" Shovan's credit card without
authority.  Appellate counsel's decision to leave the sufficiency
of the evidence unchallenged hardly constituted objectively
unreasonable representation.

Even if counsel was not free to select other issues to
pursue in lieu of the sufficiency claim, still, petitioner has
not shown prejudice.  Had he raised the issue on appeal, the
outcome would not have been different.  The evidence presented
was more than sufficient to support the jury's verdict on each
count.  And, petitioner's hoped-for legal construction of the
term "use" as being strictly limited to "swipe" with respect to
credit cards, is simply incorrect.

Petitioner also challenges the court's ruling on his trial motion for judgment of acquittal. That claim is without merit. And, because he did not raise it on appeal, it has been forfeited.

Finally, petitioner asserts ineffective assistance of trial and appellate counsel claims with respect to an evidentiary issue. He says his trial counsel and appellate counsel should have objected to and challenged evidence related to the Chase card that was used to impeach him. Specifically, he complains that his trial and appellate counsel did not explicitly invoke Fed. R. Evid. 608(b) when addressing the underlying evidentiary issue at trial and on appeal.

Trial counsel and appellate counsel raised and pursued that evidentiary issue — they did object to and did challenge the admissibility of the Chase card evidence, both at trial and on appeal. This court considered the issue at trial and exercised its discretion to allow limited cross-examination for impeachment purposes. That ruling was within the court's discretion. The appellate argument focused on a Rule 404(b) analysis, which the court of appeals referred to as "misguided," because Rule 608(b) provided the correct rule of decision. But the court of appeals did consider the issue, addressed it on the merits, correctly

applied the "abuse of discretion" standard of review, and affirmed the ruling below.

An argument invoking Rule 608(b), or its provisions, or related standards, would not, as petitioner suggests, have had any effect, and would not have led to a different result.  The Court of Appeals, after all, considered the substance of the admissibility issue, applied the correct Rule 608(b) standard, found no abuse of discretion, and held that admitting the impeaching Chase card evidence did not constitute prejudicial error entitling petitioner to any relief.

There was no ineffective assistance of counsel with respect to that issue — counsel, both at trial and on appeal, pursued the issue, but did not prevail on the merits.  Neither counsel acted in an objectively unreasonable manner and petitioner suffered no prejudice as a result of any alleged failure on counsel's part.

To the extent petitioner alludes to other possible claims in his petition, they are, largely for the reasons given in the government' response, without merit.

## Conclusion

The amended petition (document no. 21) is denied.  The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  See Rule 11, Federal Rules Governing Section 2255 Proceedings.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 7, 2012

cc:  Serge E. Bayard, <u>pro</u> <u>se</u>
     Donald A. Feith, AUSA